Michael Anthony DAVIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24894.

United States Court of Appeals,
Ninth Circuit.

April 21, 1970.

David M. Rothman, Los Angeles, Cal.,
for appellant.

Wm. J. Tomlinson, Darrell W. Mac-
Intyre, Robert L. Brosio, Asst. U. S.
Attys., Wm. Matthew Byrne, Jr., U. S.
Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and
KILKENNY, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried and con-
victed in a jury trial of violating 18 U.
S.C. § 914[1] and 18 U.S.C. § 1708.[2]  He
appeals from his judgment of conviction
on each count.  We affirm.

Appellant assigns two errors:

## I.

### MIRANDA WARNING

Appellant received and signed a
warning card, patterned to conform to

---

1. False impersonation of a holder of an
obligation of the United States.

2. Possession of stolen mail.

Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). He complains of the language: "* * * anything you say can be used against you in court.", and argues that the language should be: "* * * anything you say can and will be used against you in court." This contention is patently without merit. Craft v. United States, 403 F.2d 360 (9th Cir. 1968).

## II.

### EYE-WITNESS IDENTIFICATION

 While we do not condone the practice, followed in this case, of attempting to influence a witness's recollection by displaying to her a photograph of appellant immediately prior to testifying, we hold that the admission of the identification testimony on the record before us, did not, in any way, affect the substantial rights of the appellant.[3]

 The witness had an excellent chance to closely observe the person who committed the crimes and there is nothing in the record which even remotely suggests that her *in court* identification was in any way influenced by her view of the photograph. Additionally, appellant was identified by another witness whose testimony is wholly untainted. It is only when the photographic identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification, that the verdict should be set aside. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Viewing the record as a whole, it cannot be said that such was here the case or that appellant was denied due process. Borchert v. United States, 405 F.2d 735, 737 (9th Cir. 1968).

An additional obstacle stands in appellant's path to relief on this issue. No objection was made in the lower court. Consequently, the contention is not properly before us unless we find plain error under F.R.Crim.P., Rule 52(b). The plain error rule should be invoked only in exceptional cases, that is, situations where it appears to be necessary in order to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. Marshall v. United States, 409 F.2d 925 (9th Cir. 1969). We find nothing in this case which would justify the employment of Rule 52(b).