STATE of Iowa, Appellee,

v.

Richard Lee HOLLINGSHEAD, Appellant.

No. 54918.

Supreme Court of Iowa.

Nov. 11, 1971.

Rehearing Denied Dec. 13, 1971.

---

Robert L. Horak, Jefferson, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and R. K. Richardson, County Atty., for appellee.

BECKER, Justice.

Defendant was accused by county attorney's information of the crime of carrying a concealed weapon. He was tried to a jury, found guilty and sentenced to a term of five years. He appeals. Affirmed.

Sometime during the very early morning of July 28, 1970, defendant picked up three young men hitchhikers at Ogden, Iowa. They were trying to get to their homes in Jefferson, Iowa, a distance of about 18 miles. Apparently one of the young men offered defendant money or at least to pay for the gas. When defendant had driven the men to Jefferson, the offeror got out of the car, left and did not return. Whereupon defendant produced a gun and the second passenger immediately left the car while it was still moving. The third passenger left shortly and at the first opportunity.

The boys reported the incident to the police. An immediate call was made by the Jefferson police to Gary Henderson, town marshal at Grand Junction. It informed him that a person had pulled a gun on two boys in Jefferson and they thought the person was headed toward Ogden in a white Plymouth which had departed Jefferson some five minutes before the call.

This call was made at about 3:00 a. m. Henderson went to Highway 30, saw a white Dodge and followed it. He secured help from Donald Erickson, a policeman from Ogden. The two policemen, using two squad cars, stopped the white Dodge. Defendant was alone in the car. He got out and submitted to a pat-down search. Erickson, who was acquainted with defendant, testified:

"Mr. Hollingshead was the only individual in the vehicle. On our request the defendant got out of the car. I told him he was supposed to have pulled a gun on someone in Jefferson and I asked him if we could search the car and he said go ahead. I told him to stand in front of the car.

"Henderson found a gun wrapped in a rag and handed it to me. Exhibit 'A' is the gun that was found. * * *."

Motion to suppress the revolver as evidence and "any confession" was duly made on grounds the evidence was obtained in violation of defendant's constitutional rights.

I. Defendant first contends the warrantless search of his automobile which produced the revolver violated his constitutional right to be free from unreasonable search and seizure. United States Constitution, Amendment 4. Therefore the gun should have been excluded.

■ We regard this as a classic example of a situation where the warrantless search of the car was legitimately made incident to a lawful (probable cause) arrest. The information that a man, who had pulled a gun on two boys, was thought to be headed toward the arresting officers in a white Plymouth and appearance of a white Dodge at the expected time on a highway which was devoid of other traffic at about 3:00 a. m. furnished reasonable cause for the officers to stop the car and search the driver. This they did. Search of the passenger compartment of the car was equally reasonable and allowable under

the circumstances and prior pronouncements of the United States Supreme Court and this court. Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419, 426–427 (1970) and cases therein discussed; State v. Baych, 169 N.W.2d 578, 581–582 (Iowa 1969); State v. Brown, 261 Iowa 656, 155 N.W.2d 416 (1968). Cf. footnote 9, Chimel v. California, 395 U.S. 752, 764, 23 L.Ed.2d 685, 694, 89 S.Ct. 2034 (1969).

Under the facts of this case we need not attempt to resolve the doctrinal and practical problems considered by the United States Supreme Court in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), wherein the court as then constituted seemed to be strongly at odds over the question of whether a warrantless search of an automobile is justified on probable cause, independent of a search incident to a valid arrest. Here the arrest was on probable cause and thus valid. The extent of the search based on the valid arrest at the time and place it was conducted was justified by the circumstances. Thus it was a reasonable search and seizure.

Nor do we decide whether, under the showing made here, there was a voluntary consent to search the car. Consent was unnecessary. The point is therefore moot.

■ II. Defendant next objects to use of a statement made to the sheriff after the Miranda warning was given. At one point in his testimony the sheriff said he told plaintiff in connection with one of the four elements of the Miranda warning that defendant "had a right to remain silent and that he had * * * that anything he said *might* be used against him." (Emphasis supplied.) Defendant's reliance on the use of *might* rather than *would* to vitiate the warning is unsound. United States v. Johnson, 426 F.2d 1112, 1115 (7 Cir. 1970), cert. denied, 400 U.S. 842, 91 S.Ct. 86, 27 L.Ed.2d 78 (1970); Davis v. United States, 425 F.2d 673, 674 (9 Cir. 1970); Craft v. United States, 403 F.2d 360, 364

(9 Cir. 1968). Further the sheriff testified the information given came after the warning as a volunteered statement, not in response to questioning. Cf. State v. Brown, 261 Iowa 656, 660, 155 N.W.2d 416 (1968).

■ III. Defendant requested an instruction which would have allowed the jury to again pass on the admissibility (voluntariness) of the statements made to the sheriff. The instruction was properly refused. State v. Holland, 258 Iowa 206, 215, 138 N.W.2d 86 (1965).

IV. Defendant also requested an instruction concerning an exception to the concealed weapon statute, objected to the instruction on reasonable doubt and the instruction characterizing a revolver as a dangerous weapon, whether loaded or not.

We have examined the instructions with care and find no reversible error.

Affirmed.

All Justices concur.