The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert Funches *et al.*, Defendants-Appellants.

(No. 74-141;

Third District—January 23, 1976.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellants.

Michael M. Mihm, State's Attorney, of Peoria (Jim Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendants, Robert Funches and Eddie Blakes, were separately indicted by a Peoria County Grand Jury each on one count of armed robbery, each on one count of unlawful restraint, each on one count of armed violence, and each on three counts of attempt murder. Each

defendant entered pleas of not guilty to all counts pertaining to him. The causes were consolidated for trial and after a change of venue to the Circuit Court of Rock Island County, a jury found Funches guilty of armed robbery, unlawful restraint, armed violence and three counts of reckless conduct. The same jury found Blakes guilty of armed robbery, unlawful restraint, armed violence, one count of attempt murder and three counts of reckless conduct. The consolidated causes were then transferred to Peoria County where judgments of conviction were entered on the various verdicts and both defendants were sentenced. Defendant Funches was committed to the Department of Corrections to serve concurrent terms of imprisonment of 20 to 60 years for armed robbery, 1 to 3 years for unlawful restraint and 11 months for each of the three counts of reckless conduct. Defendant Blakes was committed to the Department of Corrections to serve concurrent terms of imprisonment of 25 to 75 years for attempt murder, 20 to 60 years for armed robbery, 1 to 3 years for unlawful restraint and 11 months on each of two counts of reckless conduct.

The trial court did not impose a sentence against either defendant on their separate convictions for armed violence because the offenses arose from the same acts as the offense of unlawful restraint, for which both defendants had been convicted and sentenced and because unlawful restraint is the greater offense. Similarly, with regard to defendant Blakes alone, the court did not impose a sentence on his conviction on one of the counts for reckless conduct because it arose from the same acts as the offense of attempt murder for which Blakes was both convicted and sentenced. Defendants have perfected this consolidated appeal. Defendant Funches, in his appeal has filed a *pro se* brief in addition to the brief filed by the Office of the State Appellate Defender on behalf of both defendants. He raises two issues for review: (1) Whether he was found [*i.e.*, proved] guilty of armed robbery beyond a reasonable doubt, and (2) whether the sentence imposed for that offense was excessive. On behalf of both Funches and Blakes, the State Appellate Defender has presented but one issue for review: Whether the court must reverse and vacate the judgments of conviction against both defendants for armed violence and one of the judgments of conviction against Blakes for reckless conduct, because those charges arose as a result of conduct for which more serious convictions resulted.

■■■ An overview of the facts adduced at the jury trial is necessary to dispose of the issues raised *pro se* by defendant Funches. On May 1, 1973, one Melvin Burch and the two defendants participated in an armed robbery of a sporting goods store from which numerous guns

and ammunition were taken. After leaving the scene of the armed robbery, the trio appeared at St. Cecilia School and took many students and teachers as hostages. With the aid of both Funches and Blakes, Burch fortified the basement of one of the school buildings and for a time successfully held off all police advances. Ultimately, the police shot and killed Burch as he attempted to leave with a 10-year-old boy as hostage. Both Funches and Blakes subsequently surrendered ending the incident. From all the evidence in the record both circumstantial and direct, the jury was warranted in finding defendant Funches guilty of armed robbery beyond a reasonable doubt. In view of the violence and complete disregard for the lives and safety of the public illustrated by this record, the circuit court was justified in imposing upon Funches for armed robbery the term of 20 to 60 years, and we conclude that it is not excessive.

The Appellate Defender requests that we reverse and vacate the convictions against both defendants for armed violence and one of the convictions against Blakes for reckless conduct, because those charges, it is argued, arose as a result of identical conduct from which more serious convictions resulted. The fact that the offenses of armed violence and one charge of reckless conduct against Blakes arose out of identical conduct for which both defendants were convicted of more serious offenses, is not contested here. Nor is any question raised with respect to the right of the State to submit to the jury for its consideration several charges arising out of the same conduct of a defendant. The defendants cite the case of *People v. Lilly*, 9 Ill.App.3d 46, 291 N.E.2d 207, *aff'd in part, rev'd in part*, 56 Ill.2d 493, 309 N.E.2d 1 (1974), to support their contention. In the *Lilly* case the State charged the defendant with both rape and indecent liberties where both charges arose out of a single act. The trial court entered judgments of conviction on each charge but sentenced the defendant only on the charge of rape. The appellate court affirmed with Justice Stouder concurring in part and dissenting in part. The Illinois Supreme Court also affirmed in part, reversed in part and vacated the defendant's conviction for indecent liberties. The State argues that because the defendants in the case at bar, were not sentenced with regard to the offenses which are the main subject of this appeal, there is no final judgment for purposes of appeal. (*People ex rel. Filkin v. Flessner*, 48 Ill.2d 54, 268 N.E.2d 376 (1971); *People v. Mayhew*, 18 Ill.App.3d 483, 309 N.E.2d 672 (1974).) The very same arguments were urged to the Supreme Court in *People v. Lilly*. There the Supreme Court took jurisdiction of the case and vacated the conviction for indecent liberties because issues were raised pertaining to the final order sentencing defendant for rape. Since the case was properly

before the court on appeal from a final order, the court merely exercised its powers under Supreme Court Rule 366 (Ill. Rev. Stat. 1973, ch. 110A, § 366), and ordered that the conviction for the lesser included offense of indecent liberties, upon which no sentence was imposed, be vacated.

In this consolidated appeal, the defendant, Funches, has raised issues pertaining to a final order on his conviction of armed robbery, and that the sentence imposed was excessive. Accordingly without intending to set a precedent for future cases, we feel that in the interest of an orderly administration of justice the convictions of Blakes for armed violence and reckless conduct are properly considered with this appeal rather than to put him and the State to the delay and expense of the exercise of a different remedy. The judgments entered on the convictions of armed violence against both defendants and on one conviction of reckless conduct against Blakes are hereby vacated. In all other respects the judgments of conviction and sentences are affirmed.

Affirmed in part and vacated in part.

STENGEL and STOUDER, JJ., concur.