THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST THOMPSON *et al.*, Defendants-Appellants.

First District (5th Division)    Nos. 61691, 60792 cons.

Opinion filed April 9, 1976.

Adam Bourgeois, of Chicago (Allan A. Ackerman, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendants were jointly found guilty in a bench trial of the delivery of a controlled substance (heroin, less than 30 grams), in violation of section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(b)). In this appeal, they do not challenge the sufficiency of the evidence but contend only that the trial court was without jurisdiction to vacate its earlier order granting them a new trial and that, in any event, there was no valid waiver of a jury trial.

The facts are not disputed. Defendants were found guilty on January 31, 1974, and the court continued the matter to March 4, 1974, for post-trial motions and sentencing. On that date, the court *sua sponte* vacated its earlier finding of guilt and granted both defendants a new trial, stating as basis therefor, "On search of my record, there wasn't executed by these defendants a jury waiver." The case was then reassigned to another judge, before whom defendants moved on two occasions to dismiss on double jeopardy grounds.

While these motions were pending, at the State's request and over the objections of defendants, the case was reassigned back to the original trial judge, before whom on June 6, 1974, the State moved to vacate the order granting a new trial. A hearing was held during which the State presented a transcript of the trial proceeding which had not been available at the time the order was entered. The transcript disclosed that in the presence of both defendants the following colloquy took place:

"THE COURT: Put yourself on record.

MR. LEVITT: Stanford Levitt. And I represent Ernest and Betty Thompson.

MR. HORWITZ: The State is ready for trial at this time.

MR. LEVITT: The defense is ready, if the Court please.

THE COURT: On both of these?

MR. HORWITZ: Yes.

THE COURT: Is there going to be a jury?

MR. LEVITT: Non jury.

THE COURT: Bench trial. We will start as soon as we get through with the call. Are you ready to proceed this morning?"

In addition, it was brought to the attention of the judge that the half-sheet record of the court contained an entry by the clerk that jury trial had been waived.

At the conclusion of the hearing, the judge again stated that the new trial order had been entered because his personal trial notes did not indicate a jury waiver. He then sustained the State's motion and vacated the order granting defendants a new trial, stating that he would not have entered the order had he been aware of the contents of the half-sheet and the transcript. The finding of guilty was reinstated, a presentence investigation ordered and, on July 23, 1974, Ernest Thompson was sentenced to three to four years and Betty Thompson to three years probation.

■■ Defendants initially contend the trial judge was without jurisdiction on June 6, 1974, after a lapse of three months, to vacate his previous order of March 4, 1974, granting a new trial. We recently had occasion to reiterate the settled principle that a trial judge is without authority to alter a final judgment more than 30 days after entry. *(People v. Green,* 34 Ill. App. 3d 153, 340 N.E.2d 58.) However, the law is equally well settled that a trial court retains jurisdiction to modify an interlocutory order. *(Leopold v. Levin,* 45 Ill. 2d 434, 259 N.E.2d 250.) Thus, the resolution of this jurisdictional issue depends upon whether the order granting a new trial was a final judgment. If it was final, the vacatur would be void, as it was entered some 90 days later.

In support of their contention that the trial judge improperly vacated his order, defendants cite a number of cases which stand for the proposition that a court is without jurisdiction to modify a final judgment more than 30 days after entry, or after an accused has begun to serve his sentence. *(People v. Lance,* 25 Ill. 2d 455, 185 N.E.2d 221; *Brockmeyer v. Duncan,* 18 Ill. 2d 502, 165 N.E.2d 294; *People v. Drysch,* 311 Ill. 342, 143 N.E. 100; *People v. Rudecki,* 309 Ill. 125, 140 N.E. 832; *People v. Dzielski,* 130 Ill. App. 2d 581, 264 N.E. 2d 426.) However, in all of these cases, the attempted modification occurred after the entry of final judgment, and they did not involve orders granting a new trial. Accordingly, these cases are inapposite to the precise issue presented here—whether the order granting a new trial is a final judgment.

■■ Section 5—1—12 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—12) gives the following definition of "judgment":

> " 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court."

This same definition appearing also in section 102—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 102—14) has been judicially construed as meaning that the judgment of the court is the sentence *(People v. Lilly,* 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Becker,* 414 Ill. 291, 111 N.E.2d 491; *Green; People v. Gamboa,* 30 Ill. App. 3d 242, 332 N.E.2d 543), and it has been held that an adjudication of guilt absent a sentence is not a final judgment *(People v. Mayhew,* 18 Ill. App. 3d 483, 309 N.E.2d 672).

■■ Here, sentence had not been imposed until after the order granting a new trial had been vacated. Applying the rule that an adjudication of guilt on which no sentence has been imposed is not a final judgment, it would follow that finality had not resulted and, consequently, the 30-day post-judgment limitation period had not commenced when the trial judge rescinded his new trial order. This conclusion is in accord with the result reached in *People v. Hammond,* 18 Ill. App. 3d 693, 695-6, 310 N.E.2d 485, 487, wherein the court stated, "Obviously, the order for a new trial in this case is not a final judgment in that no sentence was imposed."

Defendants cite and our research discloses additional cases from other jurisdictions, however, in which it has been held that a trial court is without authority to revoke an order granting a new trial. Several of these cases are factually distinguishable from the instant case, as sentence had been entered and thus the judgment was final even by our own standards. (See *United States v. Spinella* (5th Cir. 1975), 506 F.2d 426; *Hefton v. State* (1934), 206 Ind. 663, 190 N.E. 847; *Louisiana v. Bullock* (1972), 263 La. 946, 269 So. 2d 824; *Commissioner v. White* (1941), 289 Ky. 99, 157 S.W.2d 747.) In one other case *(Jones v. State* (1907), 51 Tex. Crim. 3, 100 S.W. 150), the opinion does not indicate whether sentence had been imposed following conviction. However, the conviction is referred to as a "judgment" and thus *Jones* is distinguishable from the instant case where no judgment could be said to have been entered. In *Mathis v. State* (1899), 40 Tex. Crim. 316, 50 S.W. 368, after conviction but before sentencing, the trial court initially granted defendant's motion for a new trial but vacated this order the next day. The appellate court reversed, holding that, based on its interpretation of State criminal statutes, the order granting a new trial was a final judgment. Of course, in Illinois the order granting a new

trial is not a final judgment and thus *Mathis*, having different statutory provisions, is distinguishable.

For the reasons stated, we do not feel that an order of a new trial entered after conviction, but before sentencing, is a final judgment. Consequently, the trial court retained jurisdiction to revoke this order.

■■ Defendants alternatively argue that the "non-jury" response of their trial counsel did not constitute a valid jury waiver. Defendants base this contention on the fact that the record does not affirmatively indicate that "either [defendant was] advised by the court of their right to a jury trial nor that either defendant personally waived that right." They cite as controlling the case of *People v. Murrell*, 60 Ill. 2d 287, 291, 326 N.E.2d 762, wherein our supreme court stated:

> "We accept as the preferred procedure the recommendation contained in the American Bar Association Standards relating to the Administration of Criminal Justice. ABA Standards, Trial by Jury, Standard 1.2(b) (1968), provides:
>
> 'The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.' "

Relying on *Murrell*, they assert that "defendants standing trial on serious felony charges should clearly be personally advised by the trial judge that they can have a jury trial."

We are in full agreement with defendants that *Murrell* is dispositive of the jury waiver issue. There, just as in the instant case, defendants waived their right to jury trial through their attorneys, and there was no indication in the record that defendants were ever personally advised of their right to a jury trial. In fact, *Murrell* is so squarely on point that defendants' contention can best be answered by quoting at length from that opinion, at pages 290-91:

> "The sole question presented is: When defense counsel in defendant's presence makes a statement waiving the defendant's right to a jury trial, does such a statement constitute a valid jury waiver. In *Sailor* we answered this question in the affirmative, concluding that a defendant ordinarily speaks and acts through his attorney, who stands in the role of agent. A defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and is bound by, his attorney's action.
>
> The defendants, borrowing language from and relying on *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, contend that a knowing and understanding waiver of the right to

jury trial cannot be presumed from a silent record. In each of these cases now under consideration the waiver of the right to jury trial was not presumed, nor is the record silent on the question of waiver. The record shows that the waiver was made by counsel in open court in the presence of the defendant, who acquiesced in the waiver. The record is only silent as to the defendant's knowledge and intent. Our Rule 402 (50 Ill. 2d R. 402) only requires an affirmative showing on the record of a knowing and understanding waiver as to pleas of guilty. As the Committee Comments state, this determination is required by *Boykin*. Neither our rule nor *Boykin* contains a similar requirement concerning the waiver of the right to jury trial. * * *

* * *

Although [the ABA] procedure is preferred, it is not constitutionally required; nor do our rules or the statutes require that it be followed."

Accordingly, we hold that the waiver of a jury trial made by defense counsel in open court in the presence of defendants is binding upon them. While the procedure followed in the trial court is not to be preferred, it was not violative of the rights of defendants. *Murrell.*

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.