## H. M. JONES V. THE STATE.

### No. 3713. Decided February 13, 1907.

**Local Option—Motion for new Trial—Reinstating Judgment.**

Upon motion for new trial in a conviction for a violation of the local option law, which motion was granted, it was reversible error to reinstate the judgment of conviction.

Appeal from the County Court of Young. Tried below before the Hon. Jo. W. Aiken.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*C. W. Johnson* and *John C. Key,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—After conviction the court granted appellant's motion for new trial, and set aside the judgment, awarding such new trial. Subsequently, the court set aside his judgment awarding a new trial, and sought to reinstate the judgment of conviction. Upon this error is assigned. Appellant's contention is well taken. After a motion for new trial has been awarded appellant, the case stands as it originally stood, that is, for trial. This question was discussed in Mathis v. State, 40 Texas Crim. Rep., 316. The judgment is reversed and the cause remanded.

*Reversed and remanded.*