**Johnny Valdez MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47289 to 47293.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

---

Melvyn Carson Bruder and Barry P. Helft, Dallas (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was tried in one trial before a jury on his pleas of not guilty on five separate indictments charging, respectively, three cases of possession of heroin, sale of heroin and sale of barbiturates. The jury found appellant guilty on all five charges. The court set the punishment at twenty-five (25) years' confinement in the four heroin related causes and ten (10) years' confinement for sale of barbiturates. These appeals are from such convictions.

Appellant does not challenge the sufficiency of the evidence to support the verdicts of the jury. Appellant raises one ground of error in all five causes, and this ground of error is the sole ground of error in the following appeals: 47,291, 47,292 and 47,293.

Appellant complains that "the trial court erred in admitting into evidence prior convictions of the appellant because the same are insufficient as a matter of law, and their admission violated his rights under the Fifth, Sixth and Fourteenth Amendments . . ."

More specifically, appellant argues that a prior conviction for possession of marihuana admitted in evidence is constitutionally infirm because there was no showing on

the face of either the judgment, sentence or probation revocation that appellant was represented by counsel.

■ The judgment in question is quoted as follows:

" . . . defendant in person and by attorney in open court having stated that he desired to waive a jury and plead guilty . . ." We have consistently held that the recitation in the judgments and other records of the trial are binding on appellant in the absence of direct proof to the contrary. Harvey v. State, Tex.Cr.App., 485 S.W.2d 907; Gutierrez v. State, Tex. Cr.App., 456 S.W.2d 84. In addition, the testimony of appellant is insufficient to overcome the presumption of regularity of the records. Reeves v. State, Tex.Cr.App., 500 S.W.2d 648, and cases cited therein. In the case at bar, appellant did not testify that he was not represented by counsel at the prior conviction and nothing contrary to the recitation in the judgment appears in the record to support this contention on appeal. The contention is without merit.

■ Appellant also complains of the introduction of evidence that appellant had been adjudged to be a juvenile delinquent. The record reflects that at the guilt stage of the trial appellant's counsel established on direct examination of appellant as a witness that appellant had been convicted of three offenses as an adult, including a conviction for possession of marihuana. Appellant also revealed that he had a record as a juvenile. On cross-examination appellant identified the prior convictions, and the exhibits were offered into evidence without objection. The aforementioned exhibits are the basis of appellant's complaint; however, it was appellant who introduced the evidence relating to his criminal record. Appellant may not complain of testimony which he himself elicited. Dyche v. State, Tex.Cr.App., 490 S. W.2d 568; Whatley v. State, Tex.Cr.App., 488 S.W.2d 422; Marshall v. State, Tex. Cr.App., 471 S.W.2d 67. Furthermore, we notice that no objection to the admission of the prior conviction was offered. To the contrary, appellant's counsel stated that he had no objection to the introduction of the exhibits. It is fundamental that a timely objection to inadmissible evidence be urged at the first opportunity. This was not done. Cooper v. State, Tex.Cr.App., 500 S.W.2d 837, Sierra v. State, Tex.Cr.App., 482 S.W.2d 259.

Appellant's ground of error is overruled.

The judgments in the following causes: 47,291; 47,292; 47,293 are affirmed.

In cause number 47,289, appellant has raised an additional ground of error. Appellant complains of a defective search warrant. The complaint arises from the fact that the police officer's affidavit consists of a statement that he received information from a confidential informant to the effect that appellant was in possession of a quantity of heroin in Apartment No. 205, Sherie Lin Apartments located at *4603* Munger Avenue in Dallas. The search warrant was issued to and executed at Apartment No. 205, Sherie Lin Apartments, *4631* Munger Avenue, where the contraband was found in appellant's possession.

The record reflects that while the State was attempting to introduce the affidavit and search warrant for purposes of the record only, appellant's counsel objected because the affidavit was not in proper form in that it did not state that the informant was a reliable and trustworthy person. This objection was overruled.

■ However, on appeal, appellant urges that "the search of appellant's premises was illegal due to the fact that it was conducted pursuant to an invalid search warrant." The alleged invalidity stems from the aforementioned inconsistent addresses contained in the search warrant affidavit. No such objection was made at trial. Since the complaint raised by appellant in his brief on appeal was not raised in the trial court, and no opportunity was presented for the trial court to rule there-

on, no question is presented for review. Salas v. State, Tex.Cr.App., 486 S.W.2d 956; Valdez v. State, Tex.Cr.App., 472 S.W.2d 754; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728.

 Furthermore, the designation by the informer, as shown in the affidavit, that the heroin was located at Apartment 205, Sheri Lin Apartments, which was the apartment specified in the search warrant, and in the same block, was sufficient, in absence of a proper objection, to identify the place to be searched. See Jones v. State, Tex.Cr.App., 496 S.W.2d 566.

Appellant's ground of error is overruled.

The judgment in cause number 47,289 is affirmed.

In cause number 47,290, appellant raises a final ground of error.

Appellant contends that his arrest and subsequent search were violative of his rights under both the Fourth and Fourteenth Amendments to the United States Constitution.

The record as to the trial of cause number 47,290 reflects that Officer Robert Hardin of the Department of Public Safety testified that he and another agent were executing an arrest warrant on David Nelms for sale of heroin on February 1, 1972, at an apartment on Wycliff in Dallas, when he encountered the appellant. The two officers were in the process of handcuffing Nelms when the appellant entered the apartment. After looking around the apartment, the appellant turned and ran out the door. Officer Hardin then ran after the appellant and brought him back to the apartment where he was searched and the heroin that was the subject of this prosecution was discovered.

 The officers had a right to search a person not named in the warrant but found on the premises at the time of the execution of the warrant. Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831, cert. denied, 395 U.S. 987, 89 S.Ct. 2148, 23 L.

Ed.2d 775; Guerra v. State, Tex.Cr.App., 496 S.W.2d 92. Further, we have held that there is no meaningful distinction between persons found on the premises by the officers when they initiate their search and persons who enter the premises after the search has begun. Johnson v. State, Tex.Cr.App., 440 S.W.2d 308; Fisher v. State, Tex.Cr.App., 493 S.W.2d 841.

Finally, appellant turned and ran out the door of the apartment after he saw the officer in the process of arresting Nelms.

The officer was authorized to pursue him when he fled, and the subsequent search of appellant's person was proper. Fisher v. State, supra, and cases cited therein.

Appellant's final ground of error is overruled.

The judgment in cause number 47,290 is affirmed.

The judgments are affirmed.

Opinion approved by the Court.