**Danny CHANCELOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48615.**

Court of Criminal Appeals of Texas.

May 1, 1974.

---

3. See Articles 21.02(4) and 21.07, V.A.C.C.P.

Jim L. Hooper, Texarkana, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of the unlawful sale of a narcotic drug, to-wit: heroin; punishment was assessed at five (5) years.

This case raises important questions concerning the preparation of a record on appeal under Art. 40.09, Vernon's Ann.C.C. P. A statement of some of the relevant events is pertinent.

The record reflects that on October 1, 1973, appellant was sentenced and gave notice of appeal. On October 17th, appellant filed a request with the clerk of the trial court asking that the record on appeal include "all instruments, documents, motions and other papers filed in said cause," together with "all other matters required by the (Code of Criminal Procedure)." The same day, appellant filed a designation of material for inclusion in the record designating "the entire record as the record on appeal" in this cause. At the same time, appellant filed a request that the court reporter prepare a transcription of her notes "including all matters taken in evidence, all testimony, closing arguments, and hearings on all (m)otions presented to the Court."

On November 19th, appellant mailed a certified letter to the court reporter, together with a copy to the clerk of the trial court, requesting that he be kept "posted as to your progress in this matter." The transcription of the court reporter's notes was filed in the trial court on December 26th, and the clerk mailed notice of completion of the record to appellant on January 3, 1974. The trial court approved the record on February 14th. Thereafter, on April 3rd, the trial court entered an order in which the clerk was directed to transmit the record to this court. Such order recited that the clerk mailed notice of completion of the record on January 3rd, that no objections to the record were filed within the time prescribed by law, that the trial court approved the record on February 14th, and that no brief had been filed by appellant within the time prescribed by law.

The record was filed in this court on April 9, 1974, and notice was sent to appellant that the case was set for submission on May 29th.

On April 15th, appellant filed his objections to the appellate record in this court, together with a motion to remand. These instruments allege that, after receiving notice of completion of the record, appellant timely filed his objections to the record in the trial court on January 14th, that no hearing was ever held in the trial court thereon, that the trial court never ruled on such objections, that appellant was never notified that the record had been approved, and therefore, appellant was unable to file his brief pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Attached to these instruments is a copy of the appellant's objections to the record, addressed to the trial court, and bearing the file mark of the clerk of the trial court, dated January 14th. The objections to the record in the trial court were not included in the record which reached this court. However, the

objections to the record filed in the trial court stated that the record did not contain: (1) the appellant's motion for discovery and the order of the court overruling the same, (2) the court's order overruling appellant's motion for change of venue, (3) the testimony of the State and appellant on appellant's motion for change of venue, and (4) appellant's first motion for continuance and the order of the court overruling the same.

 Article 40.09, Sec. 1, Vernon's Ann.C.C.P., provides that the record on appeal shall contain all matters designated by the parties pursuant to Sec. 2[1] thereof,

" . . . *but shall always include, whether designated or not, copies of the material pleadings, material docket entries made by the court, the charge, verdict, judgment, sentence, notice of appeal, any appeal bond, all written motions and pleas and orders of the court, and bills of exception.*" (Emphasis supplied)

Consequently, motions for discovery and the orders of the court thereon, motions for change of venue and the orders of the court thereon, and motions for continuance and the orders of the court thereon, should be included in the record whether designated or not. Further, appellant's objections to the record because it did not contain the evidence taken on the motion for change of venue should also be considered in light of his request of October 17th that the transcription of the court reporter's notes include the hearings on all motions presented to the court.

Apparently, appellant's objections to the record filed on January 14th were not called to the attention of the trial court. However, Art. 40.09, Sec. 7, Vernon's Ann. C.C.P., provides that if objections are timely made to the record, "the court shall

set the matter down for hearing, and, after such hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final." We further note that Sec. 7 also provides: "Such proceeding shall be included in the record, and the entire record approved by the trial court."

We therefore remand the cause to the trial court for proceedings not inconsistent with this opinion and for such further proceedings as are required by Secs. 8, 9, 10, 11, 12, and 13 of Art. 40.09, Vernon's Ann.C.C.P.

It is so ordered.

---

1. "Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given."