Russell Edward MERRITT, Appellant,

v.

STATE of Texas, Appellee.

No. 13-81-262-CR (2266cr).

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Jerry Farrar, Pearland, for appellant.

Doyle W. Neighbours, Dist. Atty., Angleton, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This appeal involves a conviction of third-degree felony escape.[1] The indictment also alleged that the appellant had twice previously been convicted of felony offenses. After a jury found him guilty, the court assessed appellant's punishment at life imprisonment.

Appellant does not complain of the sufficiency of the evidence. In his first two of four grounds of error, appellant generally attacks section 38.07, the escape provision, as unconstitutionally vague and overbroad and violative of the constitutional guarantees of equal protection.

We pause to note that appellant's counsel has failed to set out any test by which the provision complained of is to be measured for vagueness, overbreadth or compliance with the equal protection clauses of the state and federal constitutions.

With one exception, appellant's contentions under these grounds do not apply to the form of the offense of which appellant was convicted. We, therefore, consider review of them unnecessary. The one argument which appears to touch upon the statute as it applies to appellant concerns the definiteness and certainty of the description of the offense.

■ Generally, a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, and if it encourages arbitrary and erratic arrests and convictions. *Bates v. State,* 587 S.W.2d 121, 127 (Tex.Cr.App. 1979), and authorities cited therein. Section 38.07 is clear and unambiguous in its description of the offense of escape. The key terms "escape" and "custody" are terms of art defined in section 38.01.[2] A "penal institution" means a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense. Tex.Penal Code Ann. § 1.07(a)(26) (Vernon 1974). Section 38.07 obviously furnishes an adequate warning to anyone of ordinary intelligence of precisely what kind of conduct it condemns, and the statute is sufficiently restrictive to prevent "arbitrary or erratic convictions." We hold that section

---

1. The offense of escape is described in Tex.Penal Code Ann. § 38.07 (Vernon 1974), which provides, in pertinent part:
   "(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.
   \* \* \* \* \* \*
   (c) An offense under this section is a felony of the third degree if the actor:
   \* \* \* \* \* \*
   (2) is confined in a penal institution."

2. Tex.Penal Code Ann. § 38.01 (Vernon 1974):

In this chapter:
   \* \* \* \* \* \*
   (2) "Custody" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.
   (3) "Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole.

38.07, as it applies to this case, is not void for vagueness or indefiniteness.

In grounds of error three and four, appellant challenges the judgment of the trial court fixing his punishment at life imprisonment because there is no record that the trial court found that the appellant had twice previously been convicted of felony offenses and that the first previous conviction was final prior to the commission of the second previous conviction. See Tex. Penal Code Ann. § 12.42(d) (Vernon 1974).

The trial court was the factfinder in the punishment phase of the appellant's trial. This Court can and will presume that the trial court made all necessary findings to support its judgment, if such findings are supported by the evidence.

The records of appellant's previous convictions were introduced into evidence without objection. A witness for the State positively identified appellant as the same person who was identified as the offender in those records. The defense did not controvert or rebut this evidence. We find that the evidence is sufficient to support the necessary implied findings required by the penal code. Grounds of error three and four are overruled.

The judgment of the trial court is affirmed.