**William Q. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1008–82.

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

Edgar A. Mason, J. Russell Ormesher, Dallas, for appellant.

Henry Wade, Dist. Atty. and W.T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of theft of property of the value of more than $200.00 but less than $10,000.00. Punishment was assessed by the jury at two (2) years' imprisonment.

On appeal a panel of the Dallas Court of Appeals affirmed the conviction in an unpublished opinion. Appellant's motion for rehearing was denied with Justice Ted Robertson dissenting with an opinion as to the disposition of appellant's ground of error No. 1. *Smith v. State,* No. 05–81–00824 CR, Tex.App.—Dallas—1982. In ground of error No. 1, appellant contended the trial court erred in permitting the State to attack his character and reputation when he had not placed such matters in issue. We

granted the petition for discretionary review to determine the correctness of the action of the Court of Appeals in overruling ground of error No. 1.

Appellant had a showroom in the Dallas Trade Mart where he offered items of home furnishings for sale. On January 31, 1979, the complaining witness, Johnetta Alexander Burke, an interior decorator, went to appellant's showroom and ordered a brass bed, and paid for the bed with a check in the amount of $614.20. An order form was prepared and appellant told Burke the bed would be delivered in about six weeks. Burke never received the bed from appellant nor was her money refunded.

Appellant testified about some of his business difficulties that he had ordered the brass bed from the manufacturer and intended the bed to be shipped to Burke. There was a dispute with the manufacturer over commissions and the bed was not shipped in accordance with appellant's order.

On cross-examination of Burke the record reflects in part:

"Q And why did you go to his showroom?

"A I went because I liked his brass beds better than others we had seen.

    *    *    *    *    *    *

"Q Had you ever visited the showroom of William Q. Smith before?

"A Yes.

"Q Had you ever ordered anything from him before?

"A No.

    *    *    *    *    *    *

"Q Okay. Did you check on Mr. Smith or his reputation prior to going to his showroom?

"A No.

"Q Did his showroom seem to be well stocked with goods?

"A As much as I could tell—."

On redirect examination the prosecutor established that after the order was placed Burke had checked on appellant's "reputation" with Janice Ranson, Trisha Wilson and Laurie Harper, interior decorators, and the receptionist at the Trade Mart. The record then reflects:

"Q After checking with all these people about Mr. Smith's reputation, if you knew those facts at the time that you placed the order, would you have placed the order with this Defendant?

"MR. BACH (Defense Counsel): Objection, Your Honor. What he is really trying to do is to get some kind of hearsay testimony as to reputation and character. The proper predicate has not been laid, and we object to it.

"MR. RUBBINACCIO: Judge, the counselor is the one that opened the door to this type of testimony. He asked about whether she ever checked on the Defendant's reputation.

MR. BACH: That's right. That's all I asked. I didn't ask about the results, I didn't ask—I just asked if she checked and that's all.

"THE COURT: Overrule your objection, counsel.

"MR. BACH: Note our exception, please, Your Honor.

"Q You can answer the question.

"A No, I would not have placed the order."

Citing *Martinez v. State,* 504 S.W.2d 897 (Tex.Cr.App.1974), the majority of the panel of the Court of Appeals held that since the appellant first inquired into reputation by his question on cross-examination of Burke, the complaining witness, no error was shown.

In *Martinez* the defendant on direct examination testified he had three convictions as an adult and also revealed he had a juvenile record. The defendant's prior convictions were offered on cross-examination without objection. On appeal he complained of the introduction of evidence that he had been adjudged to be a juvenile delinquent. This court held that a defendant may not complain of testimony he elicited himself, and further noted there was no objection to the introduction of record evidence of the prior convictions.

*Martinez* is a far cry from the instant case where the appellant elicited on cross-examination of the complaining witness the background of the transaction involved. During such cross-examination appellant asked one question as to whether Burke had checked on appellant's reputation prior to the transaction and received a negative answer. Appellant did not present evidence as to character or reputation, and did not by the single question assert in any manner that appellant's reputation was good. On the basis of the prosecutor's claim, appellant had opened the door, the State was permitted to show that after the transaction she checked with certain individuals, and from facts learned she would not have done business with the appellant if she had known these facts. Clearly, the import of the testimony of the complaining witness was that the appellant had a bad reputation.

As Justice Robertson noted in his dissent, one's character is no evidence of guilt. *Gant v. State*, 513 S.W.2d 52, 53 (Tex.Cr.App.1974):

"There is no better known rule than that the reputation of the defendant cannot be inquired into by the State unless the accused himself opens up the way." *Brown v. State*, 605 S.W.2d 572, 574 (Tex.Cr.App. 1980). In *Childress v. State*, 92 Tex.Cr.R. 215, 241 S.W. 1029, 1033 (1922), this court stated:

"We can scarcely conceive of a question which in and of itself could be more hurtful to an accused than one calling for an answer which would put in issue his general reputation."

It is reversible error for the State to put the reputation of the accused in issue where the defendant has not done so. See *Els v. State*, 525 S.W.2d 11 (Tex.Cr.App. 1975); *Small v. State*, 634 S.W.2d 698 (Tex. Cr.App.1982); 1 Branch's Anno. P.C., 2nd ed., § 170, p. 173. And where the reputation of the accused is not in issue, the law prohibits the State from directly or indirectly attacking his reputation. *Freeze v. State*, 133 Tex.Cr.R. 595, 113 S.W.2d 539, 540 (1938).

 The appellant did not inject the issue of his reputation by his question to the complaining witness on cross-examination. The trial court reversibly erred in permitting the State to inquire into reputation over timely objection. The Court of Appeals was in error in reliance upon *Martinez*.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court.

ODOM and W.C. DAVIS, JJ., dissent.