**Gregory Lee LABARGE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–81–00296–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 7, 1984.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

*but for such act or acts … the sale would not have been consummated."* (Emphasis added)

*Zeller v. Chipman,* 474 S.W.2d at 755.

Richard Langlois, San Antonio, for appellant.

Bill White, Dist. Atty., Susan Reed, Hipolito Canales, Jr., Asst. Dist. Atty., James L. Bruner, Criminal District Attorney's Office, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

In a jury trial presided over by the Honorable H.F. "Hippo" Garcia, appellant was convicted of murder. Punishment was assessed by the jury at seventy-five years confinement. After the trial, but before sentencing, Judge Garcia was appointed to the United States District Court and resigned as a State District Judge. The Honorable Roy R. Barrera, Jr., was appointed by the Governor to succeed Judge Garcia. Judge Barrera pronounced sentence on the appellant.

Judge Barrera had previously served as an Assistant District Attorney, and a question was raised as to whether or not he might have been of counsel for the State in some of the early stages of the prosecution. TEX.CODE CRIM.PROC.ANN. art. 30.01 (Vernon 1966). The appeal was abated to afford appellant an opportunity to develop the record on that issue. We have

reviewed the supplemental record and find no evidence that Judge Barrera was ever of counsel for the State in this cause.

Appellant brings eleven grounds of error. We will discuss the facts as they apply to the various points.

Ground of error one concerns appellant's confession. The relevant facts are not here disputed. While in the custody of Texas Ranger Adolfo Cuellar, appellant was advised of his pertinent constitutional rights, and he indicated he wished to give a statement. However, in response to a certain question, appellant said he would not answer until he saw his attorney. The ranger ceased all interrogation. When appellant was later in the custody of Deputy Sheriff Dalton Baker, he told Baker he wanted to talk about the facts in the case. After being booked in jail, the appellant told Baker he wanted to make a statement. The appellant was again given his *"Miranda* Warnings," and he then gave a written confession.

■ Appellant's contention is that the confession should have been inadmissible since the right to counsel had been invoked before the confession was obtained. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378, 386 (1981), held that an accused, having expressed his desire to deal with police only through counsel cannot be interrogated without counsel, "unless the accused himself initiates further communication, exchanges, or conversations with the police." Since the record indicates that the appellant initiated the further conversations and was warned again, this constituted an intelligent and knowing relinquishment of his right to counsel. *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 395–96, 74 L.Ed.2d 214 (1983); *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405, 411–12 (1983). Ground of error one is overruled.

In ground of error number two appellant contends that the trial judge erred in failing to file written findings on the voluntariness of the confession. Judge Garcia had heard evidence on a motion to suppress the confession and then denied the motion. He

resigned his office without filing the findings of fact required by TEX.CODE CRIM. PROC.ANN. art. 38.22, § 6 (Vernon 1979).

In ground of error number three appellant complains of the failure of the trial court to rule on his objections to the appellate record. Appellant specifically objected to the omission of the court reporter's transcription of the hearing on the motion to suppress the confession.

In a supplement to the record, the State filed a transcript of the hearing on the motion to suppress and findings of fact and conclusions of law regarding that hearing prepared by Judge Barrera.

■ Appellant's main objection appears to be the late supplementing of the record, relying upon *Lynch v. State,* 502 S.W.2d 740 (Tex.Crim.App.1973). *Lynch* recites the rule that the Court of Criminal Appeals will not consider belated transcripts containing material that should have been included in the original record but was omitted by oversight or non-objection by the accused or the State. *Id.* at 741. The opinion recognized the exception to the rule in *Clewis v. State,* 415 S.W.2d 654 (Tex. Crim.App.1966) and *Davis v. State,* 499 S.W.2d 303 (Tex.Crim.App.1973), both instances where belated transcripts reflecting trial court's findings of voluntariness of the confession were considered by the Court of Criminal Appeals. If supplemental material represents a finding, conclusion, or order by a trial judge, the appellate court should consider the material. Otherwise the parties would be penalized for the omission by the trial judge himself. *Lynch,* 502 S.W.2d at 741.

■ There is ample authority for the successor of a trial judge who resigns or dies in office to file findings of fact and conclusions of law. *Fortenberry v. Fortenberry,* 545 S.W.2d 40, 43 (Tex.Civ.App. —Waco 1976, no writ); *Lykes Brothers Steamship Co. v. Benben,* 601 S.W.2d 418, 420–22 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); TEX.REV.CIV. STAT.ANN. art. 2248 (Vernon 1971); TEX. R.CIV.P. 18. We realize these are civil

**264**

cases applying civil rules and civil statutes. The Code of Criminal Procedure makes no provision for this particular circumstance; therefore, the Rules of Civil Procedure shall govern these proceedings. TEX.R. CRIM.APP.P. 211.

Appellant's contention that it was error for the trial court to not rule on his objections to the record is without merit. If material is improperly omitted from the record, the remedy is an abatement of the appeal or a remand to the trial court to correct the record. *Chancelor v. State,* 508 S.W.2d 638, 640 (Tex.Crim.App.1974). The record now contains the material that appellant maintained should have been included. Grounds of error two and three are overruled.

Grounds of error four, five and six, relate to questions asked the appellant on cross-examination. Appellant contends that the questions interjected extraneous offenses, hearsay, and prejudice against him. Suffice to say that the questions were legitimate inquiries into any possible motive that the appellant might have had for shooting the deceased. The prosecution may always offer evidence to show motive for the commission of an offense because it is relevant as a circumstance tending to prove the commission of the offense. *Rodriguez v. State,* 486 S.W.2d 355, 358 (Tex.Crim.App.1972). The seventh ground of error objects to the trial court refusing a mistrial when a witness testified about a card he found on the body of the deceased. Appellant's objection was that the card contained hearsay. The objection was sustained and the jury was instructed to disregard the answer of the witness. The jury is generally entitled to know all the circumstances surrounding a homicide under the broad exception of res gestae. If the card found at the scene did not come within that exception, the instructions by the trial court would have cured any possible error. Grounds of error four through seven are overruled.

Appellant's last four grounds of error pertain to the prosecutor's jury argument. On more than one occasion, the prosecutor gave her opinion that on cross-examination the appellant was not telling the truth. Objections were sustained and the court gave limiting instructions. During argument the prosecutor also told the jury that she believed the homicide was a "set up." In this instance the objection was overruled. The prosecution is entitled to draw reasonable deductions based on the evidence in its summation before the jury. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973). Any of the arguments that did not fall in this category were nevertheless cured by the prompt instructions from the judge. *Simpkins v. State,* 590 S.W.2d 129, 136 (Tex.Crim.App. 1979). Grounds of error eight through eleven are overruled.

No error being shown, the judgment is affirmed.