**Volney Ray MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00234–CR.**

Court of Appeals of Texas, Dallas.

Jan. 24, 1986.

Rehearing Denied March 24, 1986.

Elizabeth L. Phifer, Rod L. Poirot, Dallas, for appellant.

Before VANCE, GUILLOT and HOWELL, JJ.

VANCE, Justice.

Volney Ray Moore appeals from his conviction for intentionally and knowingly causing serious bodily injury to a child. The court, after a bench trial, assessed punishment at ten years' confinement. Appellant presents four grounds of error. In ground of error one and two, appellant contends that the trial court erred in failing to acquit appellant because: (1) the evidence at trial was insufficient to prove that appellant intentionally and knowingly committed serious bodily injury to a child; and (2) the evidence was insufficient to prove that appellant's actions directly caused serious bodily injury to the child. In ground of error three, appellant contends the trial court erred in rescinding its order granting his motion for new trial. In ground of error four, appellant contends he is entitled to acquittal because the trial court granted his motion for new trial premised solely upon insufficiency of evidence. We disagree with each of appellant's contentions and, for the reasons stated below, we affirm the judgment of the trial court.

On September 13, 1983, appellant and his wife brought their adopted five-year old son, David, to Dr. Mueller's office for medical treatment. Appellant and his wife admitted having "spanked" David with tree branches, belts, wooden spoons, and a wooden towel rod. They initially spanked David on the buttocks and, as cuts and lesions developed, they continued spanking downward until most of the entire lower extremities were covered with lesions. Dr. Mueller recommended immediate hospitalization because the child was in critical condition due to the severity of the wounds. At Children's Medical Center, David was examined by Dr. Paul Prescott. Dr. Prescott found that the child had been hit with intense force and that a pattern of injury had been inflicted over a period of time on a repeated basis. Dr. Prescott also found that the wounds had become contaminated as a result of appellant's improper care and treatment of the injuries.

On October 10, 1983, appellant was indicted for the offense of injury to a child. After the bench trial, appellant filed a motion for new trial premised solely upon insufficiency of the evidence. When the court considered the motion at a hearing, the State was not present, and the trial court granted appellant's motion. When the State discovered the court's granting of appellant's motion for a new trial, it filed a response asserting that it had never received a copy of the motion, that the procedures appellant's counsel followed violated article 40.06 of the Texas Code of Criminal Procedure,[1] and that the granting of the motion without notice to the State was fundamentally unfair. The appellant also filed for a writ of habeas corpus asserting that the court's granting of a new trial based on insufficiency of evidence mandated a judgment of acquittal as a matter of law. The trial court, after a hearing with both parties present, denied the writ of habeas corpus and rescinded its order granting a new trial. From this adverse ruling and from the adverse judgment which was reinstated by the trial court, appellant brought this appeal.

In ground of error one, appellant challenges the sufficiency of the evidence to prove that he intentionally and knowingly committed serious bodily injury to a child. Appellant cites *Beggs v. State*, 597 S.W.2d 375, 376 (Tex.Crim.App.1980) for the rule that a defendant's mistaken belief concerning the results of his actions negates the intent required for the commission of injury to a child. Consequently, appellant argues that his mistaken belief that he was not inflicting serious injuries when disciplining his child and his mistaken belief that his home remedy for the skin lacerations was the correct treatment negate the culpable mental state required for convic-

---

1. All references are to the Texas Code of Criminal Procedure unless otherwise shown.

tion. We disagree. In *Beggs*, a defendant's testimony concerning his mistaken belief was not an absolute bar against prosecution. Testimony concerning an accused's mistaken belief merely raises a fact issue that entitles him to a jury charge on the issue. *Id.* at 378. However, the present case was tried without a jury. The court, as trier of fact as well as of the law, may draw any reasonable inference from the evidence, and any fact issue, not expressly found, is deemed resolved in support of the final judgment. *Merritt v. State*, 643 S.W.2d 448, 450 (Tex.App.—Corpus Christi 1982, no pet.).

Consequently, in the case at bar, the question of whether the defendant was acting under a mistaken belief was resolved against him. Therefore, the only consideration under this ground of error is whether the evidence was sufficient to support the court's implied finding of appellant's intent to commit the crime.

The standard of review in a challenge to the sufficiency of evidence is as follows:

[The appellate court must] view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.

*Sutherlin v. State*, 682 S.W.2d 546, 548–549 (Tex.Crim.App.—1984). The intent element required for the offense of an injury to a child was defined in the *Beggs*[2] case:

Because injury to a child focuses on the result of the suspect's conduct, the allegation ... that the appellant did 'intentionally and knowingly engage in conduct that caused serious bodily injury' was an allegation that (1) it was her conscious objective or desire to cause serious bodily injury and (2) that she was aware that her conduct was reasonably certain to cause serious bodily injury.

597 S.W.2d at 377. However, a witness's testimony concerning intent is not conclusive because the trier of fact may infer the defendant's intent from his acts, words, and conduct. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim.App.1982). The trier of fact is not compelled to believe the testimony of a witness in a criminal case, even if the testimony is not controverted. *Abdnor v. State*, 687 S.W.2d 14, 16 (Tex.App.—Dallas 1984, no pet.).

■ In the case at bar, all of the expert witnesses, including the appellant's, testified that the appellant intended to whip his child. Dr. Mueller, the first examining physician, testified that appellant admitted that he repeatedly struck his child with tree branches, belts, wooden spoons, and a wooden towel rod. Appellant's child, David, testified that appellant had given him many whippings with a wooden stick and he was whipped until he bled. David further testified that appellant would set a timer and would whip him again if he failed to clean up all the blood before the timer rang. Dr. Prescott, a pediatrician who has treated approximately 8,000 victims of child abuse, gave his opinion that there was an element of sadism in the beatings. He also gave this explanation of the intentional nature of appellant's conduct:

Q. Well, Doctor, to what extent would you say that the wounds initially inflicted were intentionally inflicted?
A. I believe they were inflicted as a form of discipline ... moving down the legs as one area became more injured. Once you have seen that kind of damage that your beating has produced and then you still beat, and continue to do it, then you are getting some type of deliberateness to that, yes. And I believe that that was intentionally carried on.

After reviewing Dr. Prescott's testimony and the entire trial record, we conclude that it is reasonable to infer from the repetition of the beatings, the force used to inflict the injuries, the instruments used to inflict the injuries, and the period of time over which the child was injured, that appellant intended to cause the result of seri-

---

**2.** The *Beggs* definition of intent in child abuse cases was affirmed in *Alvarado v. State*, 704

S.W.2d 36 at 37 (Tex.Crim.App.1985).

ous bodily injury. Therefore, using the standard of review set out above, we conclude that the trier of fact could have found beyond a reasonable doubt, that appellant had the requisite intent to commit the crime. We overrule appellant's first ground of error.

█ In ground of error two, appellant challenges the sufficiency of the evidence to prove that the whippings actually caused serious bodily injury to the child. It is appellant's position that the initial striking inflicted only superficial wounds which later became infected due to the child's picking at the wounds and appellant's improper medical treatment. We disagree. The standard of review requires us to review all the evidence most favorable to the verdict to determine if a rational trier of fact could find, beyond a reasonable doubt, the essential elements of the crime. *Sutherlin,* 682 S.W.2d at 548–549. In the present case, the medical testimony is sufficient evidence to sustain the conviction against appellant. Dr. Mueller, the first examining physician, testified that even without the infection, permanent disfigurement would have resulted from the wounds. He further testified that David's scratching of the wounds had little effect on the extent and seriousness of the wounds. Dr. Paul Prescott, the physician primarily responsible for David's medical care, testified that David's wounds were the result of "direct traumatic injury", and the contamination of David's wounds "contributed little or nothing to the extent of the injury." Dr. Prescott's opinion was that David had suffered serious permanent disfigurement and the protracted loss and impairment of his skin as a result of the injuries. Thus, viewing the evidence most favorable to the verdict, we conclude that the trier of fact could find that the appellant's actions did cause the bodily injuries alleged in the indictment. We overrule this ground of error.

In his third ground of error, appellant contends that the trial court erred in rescinding its previous order for new trial. Before addressing this contention, it is first necessary to set out the unusual circumstances underlying the trial court's rescission order.

Appellant was sentenced on November 2, 1984. That same day, appellant filed a motion for new trial which was granted on January 12, 1985, 71 days after the imposition of sentence. The court's order granting the new trial stated that the State was present at the hearing. However, the State was not present and, later, denied having received a copy of the motion. On February 4, 1985, after learning of a new trial setting, the State filed a response to the court's order. On February 8, the court held a hearing to consider the State's response. After appellant's counsel stated that he would not swear under oath that he had hand carried the motion to the State's attorneys, and did not present any certificate of service or other proof of service, the court set aside its order for a new trial finding that the evidence did not show that the State had been served a copy of the motion. Later, the court, made "findings of facts and conclusions of law" and found: (1) the appellant's counsel acted in "bad faith" and did not serve the State with a copy of defendant's motion for new trial; (2) the appellant's counsel had a duty under article 2.03(b) to insure the State a fair trial; (3) the State would have responded to the motion for new trial if it had been notified; and (4) the State was denied its statutory right under article 40.06 to take issue with a defendant's motion for new trial. The court concluded that "as a matter of law, the bad faith of the defense counsel in failing to serve the State worked to mislead this court and the State, and as such this Court in Equity strikes Defendant's Motion for New Trial ... as improvidently granted in light of defense counsel's actions."

Our analysis under this ground of error must address two critical issues: (1) whether the court's "finding of fact and conclusions of law" are supported by the evidence and (2) whether the court acted properly in rescinding its order for new trial.

█ First, appellant contends that the court's "findings of fact and conclusions of

law" were not supported by the evidence in the record, and, are, therefore, not controlling. Appellant's argument is based on the fact that the court's order for a new trial recited that the State was present. Appellant asserts that since the State's testimony that it was not present was unsworn, there is no evidence in the record that overcomes the recital of the State's presence in the formal court order. We disagree. An attorney's testimony at court, even though unsworn, is competent evidence when his statements are made for the purpose of the record, are recorded by a court reporter, and are not objected to by opposing counsel. *See Canada v. State,* 660 S.W.2d 528, 530 (Tex.Crim.App.1983); *Hicks v. State,* 525 S.W.2d 177, 178–79 (Tex.Crim.App.1975); and article 40.09(4). We further note that, in the court hearing, appellant failed to object to the State's testimony or insist that the State's attorney be sworn. Therefore, the State's testimony that it had never received a copy of the motion for new trial or notice of the hearing was competent evidence. Furthermore, appellant's counsel specifically stated that he would not swear under oath that he had hand delivered the motion to the State's attorneys. We interpret this to mean that he did not know if he had delivered the motion. Consequently, we conclude that the evidence is sufficient to support the court's "findings of fact and conclusions of law" which found that: (1) appellant's counsel had, in bad faith, misled the court in failing to serve his motion; and (2) the State was abridged of its right to respond to the motion. Therefore, the court's findings effectively rebut the recital of the State's presence in the court's order granting a new trial.

▮ Second, appellant, relying on *Ex parte Drewery,* 677 S.W.2d 533, 536 (Tex. Crim.App.1984), contends that the court acted improperly when it rescinded its order for new trial. The traditional rule is that "a trial court cannot rescind an order granting a new trial absent clerical errors." *Id.* However, the case at bar is distinguishable from all previous Texas cases that have addressed this issue.

The first Texas case that established the rule precluding the trial court from rescinding an order for new trial was *Mathis v. State,* 40 Tex.Crim. 316, 50 S.W. 368 (1899). In *Mathis* the trial court had entered a rescission order because of a judicial error. The court had been under a "misapprehension of the evidence complained of by the defendant," and was reversed by the Court of Criminal Appeals. *Id.* In two later cases, *Jones v. State,* 51 Tex.Crim. 3, 100 S.W. 150 (1907) and *Ex parte Alexander,* 129 Tex.Cr.R. 500, 89 S.W.2d 411 (1936) the facts underlying the attempted rescission of the court's order were not set out. Years later, *English v. State,* 592 S.W.2d 949, 955–56 (Tex.Crim.App.1980) carved out the only recognized exception to the traditional rule. The court in *English* held that an order for new trial may be rescinded where the court, by clerical error, inadvertently signed the order form without the intent of the order to have legal effect. The court in *English* also overruled the *Mathis* case to the extent of any conflict in the opinion. *Id.* at 956. Four years later, the Texas Court of Criminal Appeals reversed the trial court's rescission order in *Ex parte Drewery,* 677 S.W.2d 533 (Tex. Crim.App.1984). The trial court had rescinded the new trial order because it was under the mistaken belief that it did not have jurisdiction to grant the new trial. This case is another example of the application of the *Mathis* rule to a judicial error. In the instant case, we have neither a judicial nor a clerical error, but because of fraud committed on the court by appellant's counsel, the trial court granted appellant's motion without having authority to consider the motion. By failing to serve the State with a copy of appellant's motion for new trial, appellant's counsel violated article 2.03(b) and article 40.06; thus the motion for new trial was never properly placed before the court.

At the post-trial hearing with both parties present, the court found that appellant's counsel had violated article 2.03 which states:

It is the duty of the trial court, *the attorney representing the accused*, the attorney representing the State ... to so conduct themselves as to insure a fair trial for both the State and the defendant. (emphasis added)

The court further found that appellant's conduct had denied the State, its right to respond to the motion under article 40.06 which states:

The State may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and in such case *the judge shall hear evidence*, by affidavit or otherwise, and determine the issues. (emphasis added)

Appellant argues that article 40.06 is a permissive statute. We disagree. The statute mandates that the State must be given the opportunity to respond. If the State does respond, "the judge shall hear" the State's evidence. By failing to serve the State with a copy of his motion for new trial, appellant's counsel denied the State's statutory right to respond and, thus, failed to insure a fair hearing in determining the issue. The motion, therefore, was never submitted to the trial court in compliance with the Code of Criminal Procedure and could not be entertained by the trial court.

Our analysis is supported by a recent Court of Criminal Appeals case, *Trout v. State*, 702 S.W.2d 618 (Tex.Crim.App.1985). In *Trout*, at the hearing on defendant's motion for new trial, the trial court permitted a defendant to argue an instance of jury misconduct not raised in his motion over the State's objection that there was insufficient notice given to prepare a rebuttal. However, the Court of Criminal Appeals held that "reasonable notice should be given not only the trial court but the State as well as to the misconduct relied upon." *Id.* at 28. The court concluded that the ground of misconduct "should not have been entertained by the trial court at the hearing on the motion for new trial." *Id.* Similarly, in the instant case, the State had no notice of any ground of error appellant relied upon in his motion for new trial or of the motion itself, and the trial court

should not have entertained the motion. Therefore, the trial court properly struck appellant's motion. In a criminal proceeding, the trial court cannot grant sua sponte a new trial. A motion for new trial must be submitted to the court before a new trial may be granted. *Zaragosa v. State*, 588 S.W.2d 322, 326–27 (Tex.Crim.App.1979). Therefore, since the motion for new trial was not properly before the court, the order granting a new trial was void and was later correctly rescinded by the trial judge.

■ Additionally, even assuming arguendo that the order granting a new trial was valid, the trial court was still authorized to rescind its order for a new trial. The case at bar falls outside the *Mathis* rule proscribing a rescission order for a new trial because in this case there is no judicial error but rather a fraud committed on the court by appellant's counsel. The trial court found that appellant's conduct "in bad faith" had "worked to mislead the court" and the court struck the motion and set aside its order granting a new trial. The court's order did not cite specific authority in support of its sanction of rescinding its order for a new trial. However, since there is a presumption in law of the proper exercise of a trial court's discretion and of the regularity of a trial court's orders, we will uphold the court's action if the rules of procedure permit the sanction. *Chancy v. State*, 614 S.W.2d 446, 447 (Tex. Crim.App.1981); *Beard v. State*, 385 S.W.2d 855, 856 (Tex.Crim.App.1965); *McCombs v. State*, 678 S.W.2d 715, 721 (Tex.App.—Austin 1984, pet. ref'd).

Rule 211 of the Texas Rules of Post-Trial and Criminal Appellate Procedure permits the application of the rules of civil procedure to criminal proceedings where they do not conflict with the rules of criminal procedure. The purpose of rule 211 is to make the civil and criminal practice as consistent as possible. *Johnson v. State*, 649 S.W.2d 153, 154 (Tex.App.—Austin 1983, no pet.). Consequently, rule 211 has been used to apply the civil rules in post-trial proceedings where the Texas Code of Criminal Procedure makes no provision for a partic-

ular circumstance. *Id; Labarge v. State,* 681 S.W.2d 261, 263–64 (Tex.App.—San Antonio 1984, no pet.) Because of the unusual circumstances in the post-trial procedure in the present case, we also must apply the Texas Rules of Civil Procedure in determining the propriety of the trial court's actions. Rule 21 of the Texas Rules of Civil Procedure requires every motion for a court order, not presented during trial, to be "served upon the adverse party not less than three days before the time specified for the hearing". Rule 73 provides that if a party fails to deliver a copy of its motion, or plea, the court "may in its discretion, order all or any part of such pleading stricken" or "make such other order with respect to the failure as may be just." In light of these rules, we hold that the trial court was authorized to strike the motion for new trial and to set aside its order for a new trial. To hold otherwise would permit a litigant to abuse the judicial process with impunity. We overrule appellant's third ground of error.

■ In ground of error four, appellant contends that he is entitled to acquittal because the trial court granted his motion for a new trial premised solely upon insufficiency of evidence. Appellant relies upon the United States Supreme Court case of *Hudson v. Louisiana,* 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981). In *Hudson,* the Supreme Court held that the double jeopardy clause of the United States Constitution bars the retrial of a defendant where the reviewing court determines that there was no evidence to sustain the conviction. Therefore, appellant argues that since the granting of his motion for new trial was premised solely on insufficiency of the evidence, he is entitled to acquittal. We disagree. In *Hudson,* both the trial court and appellate court—the Louisiana Supreme Court—agreed that the State, in the first trial, had failed to prove its case as a matter of law. The Louisiana Supreme Court, however, affirmed the trial court's granting of a new trial because it mistakenly believed that the double jeopar-

dy protections are violated only when the prosecution has adduced no evidence at all of the crime. *Id.* at 43, 101 S.Ct. at 972. In the retrial of the Louisiana defendant, new evidence was presented that supported his second conviction. The United States Supreme Court held, however, that the retrial violated the double jeopardy clause and entered a judgment of acquittal. The case at bar does not fall under the *Hudson* rule because, in contrast to *Hudson,* we, as the reviewing court, have determined that the evidence presented at trial is sufficient to support appellant's conviction. Therefore, the double jeopardy clause does not mandate a judgment of acquittal. We overrule appellant's fourth ground of error.

Affirmed.

## ON MOTION FOR REHEARING

On motion for rehearing, Moore contends that we erred in (1) applying the rules of civil procedure and (2) in misreading *Hudson v. Louisiana,* 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981).

■ First, appellant argues that we erred in applying the rules of civil procedure which permit court sanctions if a motion is not served on the adverse party three days prior to a hearing on the motion. Appellant points out that the State's response to the court's new trial order states that it learned the court had granted the new trial without a hearing. Appellant maintains that this response effectively rebuts the language of the new trial order which recites that appellant and his attorney were personally present at the hearing. Appellant, then, concludes that since the court granted the new trial without a hearing, we could not justify the court's rescission of the new trial order as an appropriate sanction under Rule 73.[1] Rule 73 sanctions apply only if a party fails to serve its motion prior to a hearing on the motion. We hold, however, that the language of the order, which recites that a hearing was held, is controlling.

1. All references are to the Texas Rules of Civil   Procedure unless otherwise indicated.

Appellant's contention is a reversal of his original position on appeal. In appellant's brief, he argued that there was nothing in the record that rebutted the new trial order's recital of the State's presence at the hearing. In particular, appellant argued that the "unsworn" response of the State to the new trial order could not rebut the recitations of the order that all parties were present at a hearing on the Motion for New Trial. In support of this argument, appellant cited *Martinez v. State,* 504 S.W.2d 897, 899 (Tex.Crim.App.1974). The court in *Martinez* stated that the recitation in judgments are binding on a defendant *"in the absence of direct proof to the contrary." Id.* at 899 (emphasis added).

We agreed with appellant and based our holding that the State was not served with appellant's motion, not on the State's unsworn response, but on the testimony of the attorneys in open court. This testimony was presented at the hearing in which the court considered the State's response to the new trial order. We considered the entire record of testimony—the State's attorney's testimony that he was not served with appellant's motion and was denied the opportunity to respond to the motion; and the appellant's attorney's testimony that he could not present a certificate of service or swear that he had hand-carried the motion. We held that this evidence was sufficient to rebut the new trial order's recital of the State's presence at the hearing.

Now, on motion for rehearing, appellant argues that the State's "unsworn" response is sufficient to rebut the new trial order's recital of the hearing itself. As a consequence, appellant maintains, we erred in applying the civil rules to a post-trial hearing that never took place. We cannot agree. The State's unsworn response, without more, does not constitute "direct proof" that overcomes the recitals in the new trial order. *Id.* We also have reviewed again the testimony of the attorneys and conclude that there is no evidence in the record that rebuts the new trial order's recital that a hearing was held in which appellant and his attorney were personally present.

■ In addition, appellant maintains that even if the rules of civil procedure were applicable to the post-trial proceeding, we erred in affirming the rescission order sanction under Rule 73 since there was no motion before the court that requested sanctions. Rule 73, in pertinent part, provides:

If any party fails to furnish the adverse party with a copy of any pleading [or motion] ... the court may in its discretion, on motion, order all or any part ... stricken ... or make such other order with respect to the failure as may be just.

Rule 73 gives the trial judge wide discretion in imposing sanctions. The statement that the court "in its discretion, on motion" may impose sanctions is not qualified by the requirement that a party must first make the motion. It does not state that the "court, only on motion *by a party,*" may impose sanctions. In light of the broad discretion given the trial judge, we hold that in the present case, the trial judge, on its own motion, properly imposed sanctions for the appellant's counsel's violation of Rule 73 and the Code of Criminal Procedure.

Finally, we consider appellant's contention that we misread *Hudson,* 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30. Appellant asserts that under *Hudson,* he must be acquitted since the trial court granted him a new trial based on insufficiency of evidence.

*Hudson,* however, does not control the present case because the central issues in appellant's argument were not addressed in *Hudson.* These are: (1) whether double jeopardy mandates acquittal if the trial court grants a new trial when the wrongful conduct of appellant's counsel denies the State its statutory right to contest appellant's motion for new trial; and (2) whether double jeopardy prohibits the appellate court from restoring the original conviction by holding that the evidence is legally sufficient when the trial court had granted a

new trial based on a motion which alleged insufficiency of evidence. These issues were not addressed in *Hudson,* because in *Hudson* there were no violations of criminal procedure when the court considered the defendant's motion for new trial, and the appellate court did not seek to restore the defendant's original conviction by holding that the evidence was sufficient to sustain the conviction. Hence, *Hudson* is not controlling in the instant case.

Furthermore, the United States Supreme Court, in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569–570, 97 S.Ct. 1349, 1353–54, 51 L.Ed.2d 642 (1977), states that double jeopardy is not offended when the State appeals a ruling of the trial court if the appeal presents no threat of successive prosecutions. *Id.* at 569–570, 97 S.Ct. at 1353–54. Thus, when a defendant is convicted of an offense and that conviction is set aside by a later ruling of the trial court, the State may appeal because "the restoration of the guilty verdict and not a new trial would necessarily result if the Government prevailed." *Id.* at 570, 97 S.Ct. at 1354.

■ In the instant case, the State's efforts to set aside the granting of a new trial, when the appellant's motion for new trial was never before the court in compliance with the Code of Criminal Procedure, does not offend double jeopardy because the State is not seeking to retry appellant. Also, our holding that the trial court properly rescinded its new trial order and our holding that the evidence is sufficient to sustain appellant's conviction does not offend double jeopardy because we have only restored the original conviction. Hence, double jeopardy has no relevance to this appeal.

Appellant's motion is overruled.