**Gerald Rodger SORENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–019–CR.**

Court of Appeals of Texas,
Texarkana.

April 8, 1986.

See also, Tex.App., 709 S.W.2d 321.

Richard C. Mosty, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

CORNELIUS, Chief Justice.

Gerald Sorenson was convicted of aggravated sexual assault. The jury assessed punishment at ninety-nine years imprisonment.

The sufficiency of the evidence to support the judgment is not challenged, and Sorenson contends on appeal only that his written and oral inculpatory statements should have been suppressed because he was without counsel when they were made.

The body of Marie Denise Walker was found in her mobile home on February 2, 1984. She had been raped and shot. Sorenson was arrested in New York and returned to Texas. On February 27, 1984, Sheriff Pickett and a Texas Ranger brought Sorenson out of his cell for questioning. He was given his *Miranda*[1] warnings whereupon he advised the officer that he wanted to talk to a lawyer. The questioning then ceased and he was taken back to his cell. Two or three hours later, after Sorenson had talked with his father, he asked Jay Easterwood, a jail trusty, if the sheriff was in the jail and said he wanted to talk to him. The sheriff was called and Sorenson was taken to a room where the sheriff and the Texas Ranger were waiting. As Sorenson entered the room and before anything else was said he said, "I killed her" or "I shot her." The sheriff then told Sorenson they needed "the details" and the statement which was taken in writing was then made.

Once an accused indicates he desires the assistance of counsel, all interrogation of him must cease and any statement thereafter made must be suppressed unless he makes a voluntary and knowing waiver of his right to have counsel present. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The *Edwards* rule is not violated, however, when the accused himself initiates further communications with law enforcement officers, and his statements are admissible in evidence if the totality of the circumstances show that the accused made an intelligent and voluntary waiver of his right to counsel. *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *Edwards v. Arizona*, supra. In this case the evidence shows that after receiving his *Miranda* warnings Sorenson asked for an attorney and the interrogation ceased; he talked to Easterwood and said he didn't know what he was going to do, but thought he might talk to a lawyer; that after he talked to his father, he requested to talk to the sheriff and immediately upon seeing the sheriff he volunteered the statement "I killed her," after which he voluntarily gave a complete statement. It had only been two to three hours after he had been given the *Miranda* warnings. There is no evidence of coercion and no suggestion of improper conduct by the officers. This evidence establishes, we think, that Sorenson freely and intelligently waived his right to

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

have counsel present when he made the statements. *Oregon v. Bradshaw,* supra; *Labarge v. State,* 681 S.W.2d 261 (Tex.App.—San Antonio 1984, no pet.).

For the reasons stated the judgment is affirmed.

See also, Tex.App., 709 S.W.2d 319.

