**Floyd Wayne MEYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00510–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1987.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Al Hernandez, Michael Edwards, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

OPINION

Before BUTTS, DIAL and CHAPA, JJ.

BUTTS, Justice.

A jury found appellant guilty of attempted murder and assessed punishment at 15 years' imprisonment and a $10,000.00 fine.

All the points of error question the admission of reputation testimony at the guilt/innocence stage of trial. Points one and two concern reputation testimony of appellant's former wife and the complainant, her boyfriend. Points three and four look to the reputation testimony of State's witnesses Juan Cubillos and Joanna Gonzales.

Appellant admitted he shot the complainant with a shotgun. The scene was at the complainant's ranch gate on a highway south of the "party house" where appellant saw the complainant with his former wife, Mary Esther Delgado. Appellant claimed self-defense.

Points of error one and two raise the objection that appellant's reputation had not been placed in issue when the State erroneously presented reputation testimony from two State's witnesses, the former wife, Delgado, and the complainant, Morales.

The prosecutor asked Delgado on direct examination during the guilt/innocence stage of trial:

Q: Ms. Delgado, do you know the reputation of [appellant] in the community in which he resides, here in Bexar County—

A: Yes, sir.

Q: —for being violent?

A: Yes, sir.

Defense Counsel: Your Honor, I'm going to object. That's an improper predicate.

This objection was sustained. After other attempts to lay a predicate, the State then asked:

Q: Ms. Delgado, do you know the general reputation of [appellant] in the community where he resides for violence?

Defense Counsel: Your Honor, here again, I'm going to object. *General reputation is not in issue.*

THE COURT: *Overruled.* (emphasis added)

A series of objections delayed the final reputation question. The trial court sustained the immediate next objection as to improper predicate. But it overruled the third objection to the question whether she had talked to other people that knew appellant. The objection was "no relevance to that question." However, other objections as to "leading" questions and "improper predicate" were sustained. After many starts, the prosecutor then asked:

Q: Okay. Are you familiar with [appellant's] general reputation in the community [where] he resides for violence?

A: Yes.

Defense Counsel: ... I'm going to object that that is an improper question as to that type of reputation. I'm going to object on the basis there is no evidentiary procedure for reputation as to violence ...

These objections were overruled. The final question as to reputation was asked and answered, The jury was told the reputation was "bad."

The State acknowledges error in that appellant had not raised the issue of his own reputation when Delgado testified. It cites the well-entrenched rule that during the case in chief the State may not put the reputation of the accused in issue unless he has done so. *Smith v. State,* 659 S.W.2d 427, 429 (Tex.Crim.App.1983); *Small v. State,* 634 S.W.2d 698 (Tex.Crim.App.1982);

*Els v. State,* 525 S.W.2d 11 (Tex.Crim.App. 1975). However, the State argues that the objection was not timely and preserved nothing for review.

■ While it is clear in the record that defense counsel struggled to make the objection which raised the complaint now on appeal, we do not agree with the State that his objection, emphasized above, was untimely and therefore waived. Since the initial objection to "predicate" was sustained, the first timely objection to *reputation evidence* came *before* the trial court permitted the question to go to the jury to be answered and *before* it was answered. *See, Brown v. State,* 500 S.W.2d 653 (Tex. Crim.App.1973). We find that the specific objection carried through to the final question, although several other intervening objections to "predicate," etc., were sustained. The trial court was apprised of the erroneous nature of the evidence and overruled the objection. The error was preserved. Point of error one is sustained.

During the case in chief the State, on direct examination, attempted to elicit reputation testimony concerning appellant from its witness, complainant Morales. Defense timely and correctly objected that appellant's "reputation is not in issue for being peaceful and law-abiding at this time." The trial court made no ruling on this objection. The State argued its examination addressed the question who was the aggressor. Excusing the jury, the trial court heard argument without its presence.

There among other objections defense noted, "And there has been no issue as to what the reputation of the defendant is." This was also a proper objection. The trial court unfortunately did not rule on that objection, but rather sustained an objection that no proper predicate was laid. The court ruled that with the proper predicate laid, the State would be allowed to go into this "area."

■ The objection that reputation testimony was improper was not renewed in the presence of the jury when the reputation question was asked. It was answered without an interposed objection. More im-

portantly, there was never an adverse ruling on the objection before the jury or outside the presence of the jury. *Collection Consultants, Inc. v. State*, 556 S.W.2d 787, 794 (Tex.Crim.App.1977). Failure to secure an adverse ruling preserves nothing for review. *Accord, Cain v. State*, 549 S.W.2d 707, 716 (Tex.Crim.App.1977). We agree with the State that the error was waived in this instance. The law is plain that where a defendant objects, and there is a hearing outside the presence of the jury on the question of admissibility, and the *court rules* on the question, the objection need not be repeated in the presence of the jury to preserve any error. *See, e.g., Robinson v. State*, 550 S.W.2d 54 (Tex. Crim.App.1977); TEX. CODE CRIM.PROC. ANN. art. 40.09(6)(d)(3) (Vernon Supp. 1986). There was no ruling on the objection in this case. Point of error two is overruled.

The State's witnesses, Cubillos, a deputy constable for precinct 5 in Bexar County, and Gonzales, a clerk at the same precinct office, testified that appellant's reputation in the community for being violent was bad. Cubillos was asked whether he knew appellant's general reputation in the community of Bexar County. He said he did and that it was bad. When asked if it was "very bad," he replied, "yes." At that point appellant objected that the prosecutor was "trying to bolster the reputation of this witness." The court sustained the objection. Upon request, the court instructed the jury to disregard the statement. No further request for relief occurred.

Defense then asked upon cross-examination:

Q: And you stated that Mr. Meyer had a bad reputation in the community for being violent?

A: Yes, sir.

Q: Now, when you say that, that's not your personal opinion, right?

A: No, sir.

There was no further testimony from Cubillos, and he was excused. Similarly, the State elicited the same reputation testimony from Gonzales. Appellant first objected that the question was repetitious, then that the prosecutor was speculating as to the witness' frame of mind, then that it was bolstering. These were overruled, and the prosecutor once more asked the question:

Q: Do you know the general reputation [of appellant] in the community in which he resides for being violent?

A: For being violent?

Q: Yes.

A: Yes, sir, I do.

Appellant again objected "to the repetitious question," and was overruled. The examination continued:

Q: And is that reputation good or bad?

A: It's bad.

There were no further objections, and the witness was excused.

■ On appeal appellant presents the rule, already discussed, that during the case in chief, State may not put the reputation of the accused in issue unless he has done so. *See, Smith v. State*, 659 S.W.2d 427, 429 (Tex.Crim.App.1983). However, in the present case no objection at trial raised the same objection now on appeal as to these two witnesses. Therefore, the admissibility of the reputation proof is not before the reviewing court. *Miller v. State*, 166 Tex.Cr.R. 43, 310 S.W.2d 337 (1958). Points of error three and four are overruled.

Because we sustained the first point, the judgment is reversed and the cause is remanded to the trial court.